IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RATI GVRITISHVILI,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, in his Official Capacity, Secretary, U.S. Department of Homeland Security, et al.<br><br>　　　　　Respondents. | 4:26-CV-3123<br><br>MEMORANDUM AND ORDER CONDITIONALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. He was arrested while on legal parole and asserts his detention is unlawful. *See* filing 1. The government asserts a hearing is not necessary, filing 4 at 8, and the Court agrees. The Court will conditionally grant the petition.[1]

---

[1] A petitioner seeking release from immigration detention shall be awarded costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483 (3d Cir. Feb. 2, 2026); *see also, e.g., Yeferson G.C. v. Easterwood*, No. 25-CV-4814, 2026 WL 207266, at *3 (D. Minn. Jan. 21), *report and recommendation adopted*, 2026 WL 209825 (D. Minn. Jan. 27, 2026); *Mairena-Munguia v. Arnott*, No. 25-CV-3318, 2025 WL 3229132, at *5 (W.D. Mo. Nov. 19, 2025); *cf. Bah v. Cangemi*, 548 F.3d 680 (8th Cir. 2008) (evaluating the merits of immigration habeas petitioner's EAJA claim). Any motion for costs and fees pursuant to the EAJA in this case should be filed within 30 days of the entry of judgment. *See* § 2412(d)(1)(B).

The petitioner is a citizen of Georgia. Filing 6 at 2. In April 2022, he entered the United States near San Luis, Arizona, and was apprehended. Filing 6 at 3. He was released on an order of recognizance and placed in removal proceedings. *See* filing 6 at 3-4. He was taken back into custody after a November 19, 2025 traffic stop. Filing 6 at 4. A bond hearing was held but the immigration judge found that the immigration court lacked jurisdiction to issue a bond because the petitioner was in mandatory custody pursuant to 8 U.S.C. § 1225(b)(2)(A). The petitioner was ordered removed to Georgia and appealed that decision, which is not administratively final. Filing 6 at 4. He is currently detained in McCook, Nebraska.

Because the petitioner was on conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) when he was detained, the Court will conditionally grant the petition for the reasons articulated by the undersigned in *Dos Santos Silva v. Warden, Lincoln County Detention Center*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026).

IT IS ORDERED:

1.  The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2.  The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before April 23, 2026**.

3.  If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4.    **On or before April 27, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 16th day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge