IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RATI GVRITISHVILI,

          Petitioner,

vs.

MARKWAYNE MULLIN, in his
Official Capacity, Secretary, U.S.
Department of Homeland Security, et
al.

          Respondents.

4:26-CV-3123

ORDER

The petitioner in this case alleged that he was being detained unlawfully (filing 1), and the Court conditionally granted his petition for writ of habeas corpus, ordering the government to provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations. Filing 7. That hearing was held before an immigration judge on April 23, 2026, but the immigration judge denied bond. Filing 9.

The petitioner has now filed what the Court construes as a motion to enforce that order, alleging that the bond hearing the government provided was constitutionally inadequate. Filing 10. Specifically, the petitioner asserts that the immigration judge "did not function as a neutral adjudicator, did not confine the analysis to the proper scope of a custody determination, and did not base the decision on a proper evidentiary record." Filing 10 at 2. The petitioner argues that the immigration judge ignored evidence favoring release and concludes that the judge did not perform the required "case-specific, individualized assessment." *See* filing 10 at 5-6. He asserts that he

1

was not afforded a full opportunity to present testimony or elicit evidence from available witnesses, and the Immigration Judge did not engage in any meaningful examination of the evidence submitted in support of release. Nor did the court explain how the purportedly speculative nature of relief translated into a concrete risk of nonappearance, or why any condition or combination of conditions would be insufficient to reasonably assure Petitioner's appearance.

Filing 10 at 8. This, he concludes, did not satisfy due process. Filing 10.

The court agrees that compliance with its order required not just the form of a bond hearing, but the substance, requiring notice to the petitioner and counsel and a reasonable opportunity to adduce evidence relevant to the immigration judge's determination. *See Lopez Garcia v. Bondi*, No. 0:26-CV-1513 (D. Minn. Mar. 2, 2026). But here, the petitioner's counsel was able to present over 100 pages of evidence relevant to the issues. *See* filing 10-2. The immigration judge was simply not persuaded by that evidence, and explained why in a short, but adequate written order. Filing 10-1.

And of course, this Court does not review the immigration judge's decision de novo, or even for an abuse of discretion—this Court doesn't review the immigration judge's decision *at all. See Singh v. Easterwood*, No. 4:26-CV-3033, 2026 WL 686830, at *1 (D. Neb. Mar. 11, 2026) (citing 8 U.S.C. § 1226(e)). The petition insists that he isn't asking the Court to "reweigh the Immigration Judge's discretionary determination," but is instead challenging the adequacy of the government's compliance with the Court's previous order. Filing 10 at 4. The Court appreciates that distinction, but in the Court's view, the petitioner's

2

arguments are directed at the immigration judge's discretion. His remedy is with the Board of Immigration Appeals, not this Court. *See id.* Accordingly,

IT IS ORDERED that the petitioner's motion to enforce (filing 10) is denied.

Dated this 15th day of May, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge